33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Clarence BRAGG, Appellant,
v.
Rubin W. WEBB, Individually and in his official capacity as
Little Rock Fire Chief; Little Rock Fire
Department; Little Rock, City of, Appellees.
 No. 93-3389EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1994.
Filed: August 12, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After the Little Rock Fire Department (LRFD) hired Clarence Bragg as a probationary firefighter, Bragg enrolled in a required ten-week training program. About halfway through the program, Little Rock Fire Chief Rubin W. Webb terminated Bragg for substandard performance. Webb's stated reasons for the termination were that Bragg was insubordinate toward his acting captain, Bragg's mid-term evaluation showed his attitude and interpersonal skills were below standard, he had a problem with authority, and he made excuses for his performance. Bragg brought this employment discrimination action under Title VII and 42 U.S.C. Sec. 1983, asserting these reasons were a pretext for discharge based on Bragg's race and claiming white probationary firefighters were treated more favorably despite similar conduct. After a bench trial, the district court entered judgment for Webb, LRFD, and the City of Little Rock. Bragg appeals and we affirm.
 
 
 2
 Because Bragg's case was tried on the merits, we need not concern ourself with the order of proof and presumptions; rather, we review the " 'ultimate factual issue' of whether [Webb] discriminated against [Bragg] on the basis of his race." Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 186 (8th Cir. 1990) (quoted citations omitted). Having carefully reviewed the record, we conclude the district court's finding that Webb did not discriminate against Bragg based on his race is not clearly erroneous. See id. at 185-86 (standard of review). Webb offered legitimate, nondiscriminatory reasons for terminating Bragg, and Bragg presented no evidence of discriminatory motive or intent. Bragg also failed to show a pattern or practice of disparate treatment of blacks in the LRFD. See Catlett v. Missouri Highway & Transp. Comm'n, 828 F.2d 1260, 1265 (8th Cir. 1987), cert. denied, 485 U.S. 1021 (1988). The inquiry into intentional discrimination is the same under Title VII and Sec. 1983. See Briggs v. Anderson, 796 F.2d 1009, 1021 (8th Cir. 1986). Thus, Bragg's failure to prove a Title VII violation also disposes of his Sec. 1983 claim.
 
 
 3
 Accordingly, we affirm.